81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew Thomas BURNS, Petitioner-Appellant,
v.
Ron J. WARD, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 95-5264
 United States Court of Appeals, Tenth Circuit.
 March 25, 1996.
 
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Andrew Thomas Burns, currently confined in the Oklahoma Department of Corrections, appeals the denial of his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.
 
 
 3
 2254.[2] Burns challenges his conviction for first degree murder, for which he was sentenced to life imprisonment. In his petition before the district court, Burns alleged "conspiracy, perjury and fraud," and also that he was denied assistance of counsel to perfect a direct criminal appeal. In his appeal to this Court, Burns nominally alleges "conspiracy, perjury, fraud on court, Ineffectiveness of Assistance of Counsel, prejudice, [and] Double Jeopardy." Because issues not raised before the district court may not be raised on appeal, Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir.1992), we will consider only those claims raised in Burns' petition to the district court.
 
 
 4
 In February 1990, Burns was convicted by a jury of first degree murder after a trial in which Burns proceeded pro se with stand-by counsel. He was sentenced to life imprisonment without parole on March 2, 1990. At sentencing, the judge advised Burns of his right to appeal. Assistant Public Defender Sid Conway, who had been appointed to represent Burns at sentencing, informed the court at that time that although she had advised Burns of his rights to appeal and that it would be against her advice to forego appeal, Burns did not wish to appeal his conviction. She requested leave to withdraw, subject to reappointment should Burns change his mind and wish to appeal. Her request to withdraw was granted. Burns did not file a direct appeal.
 
 
 5
 Burns then filed an application for post-conviction relief in the trial court claiming that he was denied his right to a direct appeal through no fault of his own, and alleging "conspiracy, perjury, and fraud." The court denied relief, finding that Burns had waived all issues which could have been raised on direct appeal because he had failed to timely file an appeal without alleging sufficient reason for his failure. Order Denying Petitioner's Application for Post-Conviction Relief, Oct. 12, 1990, at 2. Burns did not appeal the denial of his state habeas petition until August 1994. On September 15, 1994, the Oklahoma Court of Criminal Appeals affirmed the denial, on the ground that the appeal was untimely filed. Burns then filed this 2254 petition in federal district court.
 
 
 6
 The district court found that Burns had procedurally defaulted his habeas claims, and that he had failed to demonstrate cause for the default and actual prejudice arising thereby or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (federal habeas court will not address issues that have been defaulted in state court on an independent and adequate state procedural ground, absent a showing of cause and prejudice or fundamental miscarriage of justice). The court found that Burns had defaulted both in failing directly to appeal his conviction and in failing timely to appeal his denial of post-conviction relief, and that cause and prejudice had not been shown for either procedural default.
 
 
 7
 As a matter of law, ineffective counsel can excuse the failure to perfect a direct appeal. See Coleman, 501 U.S. at 754 (constitutionally ineffective assistance of counsel constitutes cause for procedural default). However, the district court found that this claim was "patently frivolous" on its facts because Burns voluntarily waived his right to appeal. District Court's Order, March 29, 1995, at 2. In addition to obtaining the sentencing transcript, in which the Assistant Public Defender informed the court that she had advised Burns regarding appeal, the district court obtained an affidavit from Conway. In that affidavit, Conway detailed her conversation with Burns in which she informed him of his right to appeal, that her office was "ready, willing and able" to assist him, and that she felt sure "he would regret his decision not to appeal." Burns "continued in his refusal to appeal throughout the sentencing and never contacted our office within the 10-day period following said sentencing." Affidavit of Sid Conway, June 30, 1995. We therefore agree that Burns' ineffective assistance claim is without merit. In any event, lack of counsel during the period to perfect appeal would not establish cause for Burns' procedural default in failing timely to appeal the denial of his state habeas petition. Cf. Coleman, 501 U.S. at 757 (because criminal defendant has no right to counsel to pursue an appeal in state habeas, attorney error leading to the default of habeas claims in state court cannot constitute cause to excuse the default in federal habeas).
 
 
 8
 We therefore AFFIRM the denial of Burns' petition for habeas corpus for substantially the reasons set forth in the district court's order of November 29, 1995. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3
 
 
 [2]
 The district court denied Burns' request for a Certificate of Probable Cause; however, we grant it on appeal pursuant to 28 U.S.C. 2253